No. 15-14613

IN THE

# UNITED STATES COURT OF APPEALS

FOR THE

# ELEVENTH CIRCUIT

JENNIFER SMITH,
*Plaintiff-Appellant,*
v.

FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,
*Defendant-Appellee.*
_____

On Appeal from the United States District Court
for the Northern District of Florida
The Honorable Robert Hinkle
_____

**APPELLANT SMITH'S PETITION FOR REHEARING &
SUGGESTION FOR REHEARING EN BANC**
_____

Stephen M. Smith
Stephen M. Smith & Associates, LLC
1425 N. Broad Street, Suite 201
New Orleans, Louisiana 70119
Telephone: (504) 947-1400
Telecopier: (504) 947-1100
stevesmithlaw@aol.com
Counsel for Appellant

March 16, 2016

# CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Appellant, Jennifer Smith, an individual, hereby discloses the following

pursuant to this Court's Interested Persons Order:

1. The name of each person, attorney, association of persons, firm, law firm, partnership and corporation that has or may have an interest in the outcome of this action --- including subsidiaries, conglomerates, affiliates, parent corporations, public-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case:

   A. Dennis Jackson Martin & Fontela, P.A. – Counsel for Appellee

   B. Florida Agricultural And Mechanical University Board of Trustees– Appellee

   C. Stephen M. Smith & Associates, LLC – Counsel for Appellant

   D. Martin, William – Counsel for Appellee

   E. Santoro, Maria - Counsel for Appellee

   F. Smith, Jennifer - Appellant

   G. Smith, Stephen – Counsel for Appellant

2. The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings.

   A. None

3. The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

   A. None

4. The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

   A. Jennifer Smith

I hereby certify that I am unaware of any actual or potential conflict of interest  involving the judges assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.


Respectfully submitted,

/s/ *Stephen M. Smith*

LA State Bar No. 28235
Stephen M. Smith & Associates, LLC
 1425 N. Broad Street, Suite 201
New Orleans, LA 70119
504-947-1400 Office
504-947-1100 Fax
stevesmithlaw@aol.com
Attorney for Appellant

## CERTIFICATE OF COUNSEL FOR EN BANC REVIEW

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision of the Supreme Court of the United States and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court and other courts of appeals:

*Smith v. Barry*, 502 U.S. 244, 112 S. Ct. 678 (1992).

I express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance:

Does the Panel Opinion, which holds that an appellate brief may not serve as a notice of appeal within the meaning of Rules 3 and 4 of the Federal Rules of Appellate Procedure where it contains the information required by those Rules, is timely filed, and notifies the court and the parties of the appellant's intent to appeal conflict with the United States Supreme Court's decision in *Smith v. Barry*, 502 U.S. 244, 112 S. Ct. 678 (1992), which held that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Fed. R. App. P. 3?

/s/ *Stephen M. Smith*
Stephen M. Smith
Attorney of Record for Plaintiff -Appellant

# TABLE OF CONTENTS

Certificate of Interested Persons and Corp. Disclosure Statement … …. ii

Statement of Counsel Regarding Basis for En Banc Review…………….…. iv

Table of Contents……………………………………………………… v

Table of Citations………………………………………………… vi

Issues for Rehearing/Rehearing En Banc………………………….. 1

Statement of the Course of Proceedings and Disposition of the Case …. 1

Statement of Facts…………………………………………………….. 3

Argument ………………………………………………………….. 6

    I.  ANY DOCUMENT THAT IS THE FUNCTIONAL EQUIVALENT OF A NOTICE OF APPEAL PERFECTS JURISDICTION IN THE COURT OF APPEALS……………………………………………… 6

    II. PROFESSOR SMITH'S BRIEF IS THE FUNCTIONAL EQUIVALENT OF A NOTICE OF APPEAL BECAUSE IT SATISFIED THE REQUIREMENTS OF RULES 3(C) AND 4(A)(4)(B)(II), WAS TIMELY FILED, AND PUT THE COURT AND THE OTHER PARTIES ON NOTICE OF SMITH'S INTENT TO APPEAL THE JUDGMENT ENTERED AGAINST HER…………………… 12

Conclusion…………………………………………………… 15

Certificate of Compliance………………………………………… 16

Certificate of Service …………………………………………. 17

# TABLE OF CITATIONS

**Cases:**

*Allah v. Superior Court of California,* 871 F.2d 887 (9th Cir. 1989) ...          7

*Bell Atlantic v. Twombly,* 127 S.Ct. 1955 (2007)…………………….          11

*Cardoza v. Commodity Futures Trading Comm'n*, 768 F.2d 1542
(7th Cir. 1985) …………………………………………………………          11

*Conley v. Gibson*, 355 U.S. 41 (1957) ………………………….          11

*Finch v. Vernon,* 845 F.2d 256 (11th Cir. 1988)……………          7

*Florida Women's Medical, Inc. v. Smith*, 706 F.2d 1172
(11th Cir. 1983) …………………………………………………………          14

*Foman v. Davis*, 371 U.S. 178 (1962) ……………………………… 8, 9, 11, 14

*Frace v. Russell,* 341 F.2d 901, 903 (3d Cir.), *cert. denied,*
382 U.S. 863 (1965)……………………………………………………..          7

*Green v. Union Foundry Co.*, 281 F.3d 1229 (11th Cir. 2002) ………          6

*Grubb v. Federal Deposit Ins. Corp.*, 868 F.2d 1151(10th Cir. 1989)………  10

*Haney v. Mizell Mem'l Hosp.,* 744 F.2d 1467(11th Cir.1984)……………          14

*Harris v. Ballard*, 158 F.3d 1164 (11th Cir. 1998)………………………..          13

*Hoiness v. United States*, 335 U.S. 297 (1948)……………………………          8

*Holloman v. Mail-Well Corp.,* 443 F.3d 832 (11th Cir. 2006)………………          13

*Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin*, 747 F.2d 958
(5th Cir. 1984), *cert. denied sub nom.* 471 U.S. 1117 (1985)………………… 11

*Jurgens v. McKasy,* 905 F.2d 382 (Fed. Cir. 1990)……………………          7

*Main Drug Inc. v. TDI Managed Care Services*, 475 F.3d 1228
(11th Cir. 2007)……………………………………………………… 12

*McAninch v. Trader's Nat'l Bank*, 779 F.2d 466 (8th Cir. 1985),
*cert. denied*, 476 U.S. 1182 (1986)……………………………………… 11

*Rinaldo v. Corbett*, 256 F.3d 1276 (11th Cir. 2001)…………………… 10, 12

*Sanabria v. United States*, 437 U.S. 54 (1978) …………………………… 8

*Smith v. Barry*, 502 U.S. 244, 112 S. Ct. 678 (1992)……………… 1, 7, 8, 9, 12

*Smith v. Galley,* 919 F.2d 893 (4th Cir. 1990)…………………………… 7

*Thames v. Dugger,* 848 F.2d 149 (11th Cir.1988)……………………… 14

*Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988)………………… 9, 14, 15

*United States v. Cooper,* 876 F.2d 1192 (5th Cir. 1989) ………………… 7

*United States v. Rochester*, 898 F.2d 971(5th Cir. 1990)………………… 10

*Vargas v. McNamara*, 608 F.2d 15 (1st Cir. 1979) …………………… 11

*Weatherly v. Alabama State Univ.*, 728 F.3d 1263(11th Cir. 2013)………… 6

*Williams v. Guzzardi,* 875 F.2d 46 (3d Cir. 1989) ……………………… 10

**Constitutions, statutes, and rules:**

Fed. R. App. P. 2………………………………………….. 15

Fed. R. App. P. 3…………………………………… 1, 7, 9, 10, 11, 12, 13

Fed. R. App. P. 4…………………………………… 7, 12, 14

Fed. R. Civ. P. 59…………………………………………………. 1

Fed. R. Civ. P. 60(b)…………………………………………. 2, 6

Fed. R. Civ. P. 73(b)………………………………………………….   8

Equal Pay Act of 1963………………………………………………….   4

Title VII of the Civil Rights Act of 1964…………………………………..   4

Florida Civil Rights Act of 1992…………………………………………   4

Title IX of the Education Amendments of 1972……………………………   4

1993 Advisory Committee Notes………………………………………9, 10, 13

## <u>ISSUE</u>

Does the Panel Opinion, which holds that an appellate brief may not serve as a notice of appeal within the meaning of FRAP 3 and 4 where it contains the information required by those Rules, is timely filed, and notifies the court and the parties of the appellant's intent to appeal conflict with the United States Supreme Court's decision in *Smith v. Barry*, 502 U.S. 244, 112 S. Ct. 678 (1992), which held that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Fed. R. App. P. 3?

## <u>STATEMENT OF THE COURSE OF PROCEEDINGS<br>AND DISPOSITION OF THE CASE</u>

This is a gender discrimination and retaliation lawsuit filed by Jennifer Smith (plaintiff-appellant) against her employer, Florida Agricultural & Mechanical University Board of Trustees.  On July 20-22, 2015, the jury trial was held, and the jury returned a verdict against Professor Smith.  The Clerk entered judgment on July 27, 2015.  On August 25, 2015 and pursuant to Fed. R. Civ. P. 59, Professor Smith filed a motion for new trial, based upon FAMU's concealment of salaries and faculty ranks, use and misrepresentation of that information in trial and in closing argument, and FAMU's false representation to the district court that it produced the information to Professor Smith.  On September 19, 2015, the district court denied Smith's motion.  On October 15, 2015, Professor Smith timely filed her notice of appeal.

On December 16, 2015 pursuant to Fed. R. Civ. P. 60(b)(2) and (3), Professor Smith filed a second motion for new trial after not being recommended for promotion to full professor in 2015 for the completely opposite rationale that FAMU testified in court as to why she was denied promotions in 2010 and 2013. Simultaneously, Professor Smith filed a motion to reconsider the denial of her original motion for new trial she filed in August 2015. On December 17, 2015, the district court denied both motions. Without supplementing her notice of appeal with the December 17, 2015 order, Professor Smith filed her appellate brief on December 28, 2015, clearly indicating her intent to appeal the December 17, 2015 order and attaching it to her appellate brief as an addendum (Appellant's Brief, tab 3).

On January 14, 2016, Appellee Florida A&M University (FAMU) filed a motion to strike Appellant's appendices. Professor Smith responded on January 25, 2016. On January 26, 2016, FAMU filed a motion for a 30 day extension to respond to Professor Smith's brief from January 28, 2016 to February 29, 2016. The Court granted the motion and allowed FAMU to file a reply to Professor Smith's Opposition to Motion to Strike. FAMU filed its reply on February 4, 2016.

On March 2, 2016, the panel– overlooking the entire functional equivalent doctrine and notwithstanding that Professor Smith filed a timely appellate brief --

held that "Appellant did not file a timely notice of appeal from the district court's December 17, 2015, order, and therefore, we lack jurisdiction to entertain an appeal as to that order" and further delivered the harshest penalty available, granting FAMU's Motion to Strike, finding:

> [O]n the Court's own motion, we DISMISS IN PART this appeal for lack of jurisdiction to the extent that Appellant seeks to appeal from the district court's December 17, 2015, order. We also hereby STRIKE the briefs in this matter, all of which address the district court's December 17, 2015, order over which we lack jurisdiction to review.

Although this is only a motion to strike, the result of the panel's order would do exactly what the Supreme Court cautions against – allowing a mere procedural technicality to decide an important substantive issue on the merits.

## STATEMENT OF FACTS

Professor Smith was hired in 2004 as a law professor.[1] She complained that she was earning less than her male comparators.[2] She further alleged that as a result of complaining and engaging in other protected conduct, as well as being a woman,[3] she was denied three promotions to full professor in 2009, 2010, and 2013.[4]

---

[1] Vol. III, Doc. 98, Trial Tran., Robinson, 417.
[2] Doc. 8, Amended Complaint, 2 and generally (Addendum Tab 7).
[3] Vol. II, Doc. 98, Trial Tran., Broussard, 258, 268.
[4] Doc. 8, Amended Complaint, 3-13 (Addendum Tab 7).

Professor Smith filed an equal pay and retaliation lawsuit in state court in Tallahassee on July 31, 2014 (which was removed to federal court) under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, and Title IX of the Education Amendments of 1972.[5] After a jury trial in July 2015, the jury issued a verdict in favor of FAMU on all counts. Professor Smith filed a motion for new trial,[6] but the motion was denied.[7]

During that time, Professor Smith re-applied for promotion to full professor in September 2015 for the fourth time.[8]

Professor Smith filed a notice of appeal in October 2015.[9]

On October 20, 2015, the chair of the RPT Committee verbally informed Professor Smith that because she had no new published scholarship, she needed to withdraw her application or she would be denied.[10] Professor Smith replied in a memorandum on the same day, pointing out that the current reasons were inconsistent with the rationale for her prior promotion denials, including the court testimony.[11] Professor Smith did not withdraw her application,[12] and the RPT Committee recommended Professor Smith be denied to promotion to full

---

[5] Doc. 8, Amended Com, generally (Addendum, Tab 7); Title IX was dismissed.
[6] Vol. I, Docs. 100, 104, Plaintiff's Motion for New Trial and Reply, generally.
[7] Doc. 109, Order on Motion for New Trial (Addendum, Tab 2).
[8] Vol. I, Doc. 118-1, Smith Declaration, 1-2.
[9] Vol. I, Doc. 112, Notice of Appeal, generally.
[10] Vol. I, Doc. 118-1, Smith Declaration, 1-2.
[11] *Id.*
[12] Vol. I,, Doc. 118-2, Smith memo on 2015 promotion, generally.

professor.[13]    On December 9, 2015, Professor Smith received the RPT Committee's report, denying her promotion for rationales inconsistent with court testimony.[14]   This was the exact opposite rationale to which FAMU testified in court.   On December 14, 2015, Dean Jones recommended Professor Smith for promotion to full professor and acknowledged the obvious and inescapable "Catch-22" in which FAMU is now engulfed in for its inconsistent rationales and court testimony by failing to follow its own policies in 2010 and 2013 versus 2015 for her promotion denials.[15]   Jones' recommendation for promotion is based upon her scholarship record from her prior applications.[16]   Jones stated:[17]

> I am troubled and perplexed by the Committee's conclusion because it is inconsistent with the Committee's reasoning, actions, and recommendations with regard to Professor Smith's prior applications. …
> Both conclusions – (1) that a draft article is not to be considered and (2) that the two articles published after her 2010 application were not "new" cannot be correct…[18]

With this new evidence showing pretext, fraud, misconduct and misrepresentation for Professor Smith's prior promotion denials, on December 16, 2015, Professor Smith filed a second motion for new trial pursuant to Fed. R. Civ.

---

[13] Doc. 118-2, Law Faculty RPT Committee Report, 11-19 (Addendum, 5).
[14] *Id.* at 13, 16-17.
[15] Doc. 118-2, Jones' Memorandum dated Dec. 14, 2015, 21-23 (Addendum, 6).
[16] *Id.*
[17] Vol. II, Doc. 98, Trial Tran., 392.
[18] Doc. 118-2, Jones' Memorandum dated Dec. 14, 2015, 21-23 (Addendum, 6).

P. 60(b)(2) and (3) with a request to reconsider her motion for new trial filed in August 2015.[19] Professor Smith sought an indicative ruling as the remainder of her case was soon to be on appeal. The district court denied both motions on December 17, 2015 with little comment or basis for the denial.[20]

Without supplementing her notice of appeal filed October 15, 2015 to include the District Court's order dated December 17, 2015, Professor Smith filed her appellate brief on December 28, 2015, clearly within 30 days of the December 17, 2015 order and the time frame within which she would have been required to file a notice of appeal.

## ARGUMENT

I.     ANY DOCUMENT THAT IS THE FUNCTIONAL EQUIVALENT OF A NOTICE OF APPEAL PERFECTS JURISDICTION IN THE COURT OF APPEALS.

Citing *Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013) and *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) and notwithstanding the timely filing of an appellate brief, the panel ruled that it lacked jurisdiction to entertain an appeal of the district court's December 17, 2015 order because Professor Smith failed to timely file a notice of appeal. The appellants in the cases the panel relied upon did not file appellate briefs, and thus, the cases are inapposite.

---

[19] Doc. 118, Plaintiff's Second Motion for New Trial.
[20] Doc. 119, Order Denying Plaintiff's Second Motion for New Trial, generally (Addendum 3).

The panel's holding conflicts with *Smith v. Barry*, 502 U.S. 244, 112 S. Ct. 678 (1992). In *Barry*, the Supreme Court granted certiorari to decide "whether an appellate brief may serve as the notice of appeal required by Rule 3." *Id*. at 247. For *pro se* and cases in which parties had lawyers, this issue had divided the Courts of Appeals, *id.*, but *Barry* laid it to rest.[21] The Supreme Court stated: "In this case, we hold that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3." *Id*. at 245. The Court went on to state that the purpose of Rule 3 is to ensure that other parties and the courts have sufficient notice of the intent to appeal, the appealing parties, and the judgment appealed from. "(T)he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." 508 U.S. at 248, 112 S. Ct. at 682. It is enough that the document is timely under Rule 4 "and conveys the information required by Rule 3(c)." 508 U.S. at 249, 112 S. Ct. at 682. Filing the brief in the court of appeals is sufficient, since Rule 4 deems such filing to be made in the district court. All that remained to be determined on remand was whether the brief in fact provided the notice required by Rule 3.

---

[21] This question has divided the Courts of Appeals. Compare *Smith v. Galley,* 919 F.2d 893, 895 (4th Cir. 1990)(notice of appeal was untimely and that informal brief was not "the 'functional equivalent' of the notice of appeal Rule 3 requires*); United States v. Cooper,* 876 F.2d 1192, 1196 (5th Cir. 1989) (appellate brief cannot substitute for notice of appeal); and *Jurgens v. McKasy,* 905 F.2d 382, 385, n. 4 (Fed. Cir. 1990) (same), with *Frace v. Russell,* 341 F.2d 901, 903 (3d Cir.) (treating brief as notice of appeal), *cert. denied*, 382 U.S. 863, 86 S.Ct. 127, 15 L.Ed.2d 101 (1965); *Allah v. Superior Court of California,* 871 F.2d 887, 889–890 (9th Cir. 1989) (same); and *Finch v. Vernon,* 845 F.2d 256, 259–260 (11th Cir. 1988) (same).

Although *Barry* involved an inmate and *pro se* party, the Court did not base its holding on that fact and other Supreme Court cases indicate that is not defining. In *Foman v. Davis*, 371 U.S. 178 (1962), a contract action, the Court addressed the requirement that a notice of appeal contain a designation of the judgment appealed from.[22] *Foman* made it plain that the notice of appeal provision should not be so narrowly construed as to ignore its simple purpose:

> The defect in the second notice of appeal did not mislead or prejudice the respondent. With both notices of appeal before it (even granting the asserted ineffectiveness of the first), the Court of Appeals should have treated the appeal from the denial of the motions [to vacate the judgment and to amend the complaint] as an effective, although inept, attempt to appeal from the judgment sought to be vacated.

*Id*. at 181. *Foman's* message is direct: an appeal shall not be dismissed where the party's intent to appeal a judgment is clear and the other parties to the appeal are not prejudiced by the deficiencies in the notice of appeal.[23] See also *Sanabria v.*

---

[22] Interpreting Rule 73(b) of the Federal Rules of Civil Procedure, which is Rule 3(c)'s predecessor that was incorporated without substantive change.

[23] Indeed, even before *Foman*, this Court made it clear that courts were not to divest themselves of jurisdiction through "hypertechnical" interpretations of notices of appeal. In *Hoiness v. United States*, 335 U.S. 297 (1948), this Court interpreted a since-repealed statute which stated, *inter alia*, that "[n]o ... proceedings in civil causes ... shall be abated ... for any defect or want of form." *Id.* at 300 n.6. In reversing the dismissal of the case, this Court stated that "[i]t seems to us hypertechnical to say that the appeal papers did not bring the sole issue of the case fairly before the Court of Appeals... The failure to use the words August 5, 1946, if that be taken as the date of the final decision, was as insubstantial as a misspelling of the words would have been, since the words used identified the rulings which were challenged, and in no way altered the scope of review." *Id.* at 301.

*United States*, 437 U.S. 54, 67 n.21 (1978) (dicta) ("A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced.").

In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), the Court reaffirmed *Foman's* liberal approach to Rule 3(c) and held that functional equivalence is the correct measure of compliance:

> We do not dispute the important principle for which *Foman* stands - that the requirements of the rules of procedure should be liberally construed and that "mere technicalities" should not stand in the way of consideration of a case on its merits. Thus, if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.

*Id.* at 316-17 (citation omitted).

In 1993, after *Barry,* Rule 3(c) was amended, in part, and subdivided. Now, Rule 3(c)(4) directs that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R.App. P. 3(c)(4). Explaining this new subsection, the 1993 Advisory Committee Notes state that:

> Finally, the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the

notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward.

Fed. R.App. P. 3(c), 1993 Advisory Committee Notes. With these changes, it is now "[f]inally ... clear" that the intent test of Rule 3(c) focuses on whether it is "objectively clear that a party intended to appeal." A special rule for *pro* se parties is under Rule 3(c)(2). Therefore, in determining whether a post-judgment motion may be construed as a notice of appeal, the objective intent standard, as well as Rule 3(c)(1)'s three-part requirement, form the proper test. *See Rinaldo v. Corbett*, 256 F.3d 1276, 1279 (11th Cir. 2001)("Applying the Rule 3(c) paradigm in this case, we conclude that Rinaldo's motion for extension of time to file his notice of appeal should be construed as a notice of appeal.").

The courts have consistently construed this requirement liberally to prevent jurisdiction from being defeated. In this regard, the following statement from the Fifth Circuit is typical: "[f]ailure to properly designate the order appealed from is not a jurisdictional defect, and may be cured by an indication of intent in the briefs or otherwise." *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990).[24]

---

[24] See also *Williams v. Guzzardi,* 875 F.2d 46, 49 (3d Cir. 1989) ("We have appellate jurisdiction over orders not specified in the notice of appeal if there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issues."); *Grubb v. Federal Deposit Ins. Corp.*, 868 F.2d 1151, 1154 n.4 (10th Cir. 1989) ("When a party files a notice of appeal that

These decisions recognize that the essential purpose of a notice of appeal is to announce the appellant's intention to appeal. It neither assigns specific error nor puts forth legal arguments. Its function is straightforward: it requires parties to announce whether or not they will appeal a judgment or order within a fixed period of time. When the intent to appeal is understood, liberal construction of the Rule 3(c) requirements does not prejudice other parties. As such, liberal construction of Rule 3(c) "'reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[s] the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman*, 371 U.S. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), overruled on other grounds in *Bell Atlantic v. Twombly,* 127 S. Ct. 1955 (2007)).

is technically defective because it designates the appeal as from the denial of a motion for judgment n.o.v. or for a new trial, we may treat the appeal as taken from the final judgment if the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced."); *McAninch v. Trader's Nat'l Bank*, 779 F.2d 466, 467 n.2 (8th Cir. 1985) (single notice of appeal filed in consolidated appeal held to be sufficient even though it did not specify an appeal from order granting summary judgment or an order dismissing one party from the action: "there is a policy of liberal construction of notices of an appeal in situations where intent is apparent and there is no prejudice to the adverse party"), *cert. denied*, 476 U.S. 1182 (1986); *Cardoza v. Commodity Futures Trading Comm'n*, 768 F.2d 1542, 1546 (7th Cir. 1985) ("The general rule which has developed is that an error in designating the judgment or a part thereof will not result in a loss of appeal if the intent to appeal from the judgment complained of may be inferred from the notice and if the appellee has not been misled by the defect."); *Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin*, 747 F.2d 958, 963 n.15 (5th Cir. 1984) ("The requirement of F.R.App.P. 3(c) that a notice of appeal designate the judgment from which it is taken is not to be so strictly construed as to defeat an appeal where appellant's overriding intent to appeal is clear."), *cert. denied sub nom.* 471 U.S. 1117 (1985); *Vargas v. McNamara*, 608 F.2d 15, 21 (1st Cir. 1979) ("While plaintiffs made a technical error in their notices of appeal [by failing to designate final judgment], there was never any doubt as to the subject matter of the appeal.").

II. PROFESSOR SMITH'S BRIEF IS THE FUNCTIONAL EQUIVALENT OF A NOTICE OF APPEAL BECAUSE IT SATISFIED THE REQUIREMENTS OF RULES 3(C) and 4(a)(4)(B)(ii), WAS TIMELY FILED, AND PUT THE COURT AND THE OTHER PARTIES ON NOTICE OF SMITH'S INTENT TO APPEAL THE JUDGMENT ENTERED AGAINST HER.

Rule 3(c) requires a party taking an appeal to: 1) specify the party taking the appeal; 2) name the court to which the appeal is taken; and 3) designate the judgment, order or part thereof appealed from. *See also, Main Drug Inc. v. TDI Managed Care Services*, 475 F.3d 1228 (11th Cir. 2007) (" To perform its function a notice of appeal must specify the parties taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is being taken. Fed. R. App. P. 3(c)(1). That is all.") *See also Rinaldo,* 256 F.3d at 1278-79 (*Barry* explains that in determining whether a document may be construed as a notice of appeal, we must first ask if the litigant's action is the functional equivalent of what Rule 3 requires and that "a notice of appeal must specifically indicate the litigant's intent to seek appellate review, [as] the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts.") Professor Smith's appellate brief satisfied these requirements.

*First*, Professor Smith's brief clearly identified her as the party taking the appeal. Moreover, because no other individuals had been joined as plaintiffs in the district court case, there could be no doubt that the term "plaintiff" used in the brief referred to Professor Smith. *Second*, the brief clearly designated the court to which

the appeal was taken: "United States Court of Appeals for the Eleventh Circuit" was printed at the top of the first page of the brief. Also, the document listed the issues and the court orders to be appealed, clearly evincing Smith's intent to appeal the district court's ruling to the Eleventh Circuit, including the District Court's December 17, 2015 order. *Finally*, the brief did include the docket number from her district court case, and contained statements manifesting her intent to appeal the final judgments entered by the district court. Additionally, the brief was filed well before the 30 day deadline for filing her notice of appeal from the December 17, 2015 order.

Moreover, as discussed above, this Court and other courts of appeals have permitted appeals to proceed even though a notice of appeal was not filed or was defective. *See Holloman v. Mail-Well Corp.,* 443 F.3d 832 (11th Cir. 2006)("The notice need not always be explicit; in some circumstances notice may be adequate when the party's intent to appeal is "objectively clear" from all of the circumstances. Fed. R. App. P. 3(c) advisory committee's note." But finding: The Hollomans' appellants' brief did not serve as effective notice of Vaughn's intent to appeal, because it was not filed until after the deadline for filing notice of appeal.); *Harris v. Ballard*, 158 F.3d 1164 (11th Cir. 1998)(finding Appellant's motion for extension of time to appeal could not be construed as notice of appeal, but stating: "This court has held that the notice of appeal requirement may be satisfied by

documents which constitute its functional equivalent when filed within the critical appeal period. *See, e.g., Thames v. Dugger,* 848 F.2d 149, 149 (11th Cir.1988) (motion for certificate of probable cause was equivalent to a notice of appeal, when timely filed under Fed. R. App. P. 4(a) within 30 days of judgment); *Haney v. Mizell Mem'l Hosp.,* 744 F.2d 1467, 1472 (11th Cir.1984) (motion to proceed *in forma pauperis* and supporting affidavit was equivalent to a notice of appeal)"); *But see*, *Florida Women's Medical, Inc. v. Smith*, 706 F.2d 1172 (11th Cir. 1983)(holding that subsequent filing by appellants of their brief did not constitute filing of notice of appeal in timely manner.). Professor Smith's brief was filed, timely, with the Eleventh Circuit on December 28, 2015 -- 11 days after the district court entered its December 17, 2015 order -- well within the required 30-day timeframe to file a notice of appeal.

Here, FAMU indicated by its actions that it both understood Professor Smith's intent and defended against the appeal. In the absence of prejudice, the Court has held that jurisdiction is perfected when the appellant has filed a timely, but technically deficient, notice of appeal. Compare *Foman*, 371 U.S. at 181 (allowing technically defective notice of appeal because defect did not mislead or prejudice defendant) with *Torres*, 487 U.S. at 317-18 (disallowing notice of appeal which never designated petitioner as party to action because allowing it would

have left appellee and Court uncertain of binding effect of adverse ruling on petitioner).

Finally, the Court can order relief pursuant to Fed. R. App. P. 2. *Torres*, 108 at 2409 ("But although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for "good cause shown" under Rule 2, if it finds that they have not been met.")  Here, however, the Rules have been met.

## CONCLUSION

This Court should recognize Professor Smith's appellate brief as a valid notice of appeal for the December 17, 2015 order and vacate the panel's order granting FAMU's motion to strike and reinstate the parties' appellate briefs, addendum, and appendices;[25] otherwise Professor Smith will surely be prejudiced by allowing a mere procedural technicality to decide an important substantive issue on the merits.

By:/ s/ Stephen M. Smith

STEPHEN M. SMITH (#28235)
Stephen M. Smith & Associates, LLC
1425 N. Broad Street, Suite 201
Dated: March 16,  2016      New Orleans, Louisiana 70119
T (504) 947-1400; F(504) 947-1100
Counsel for Appellant

---

[25] There is not one document that Professor Smith has cited in her brief that was not first considered in the district court, was not part of the record on appeal, was an unnecessary designation of the record, was incorrect, was objected to by FAMU, or was irrelevant to the appeal.

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this petition contains no more than 15 pages, excluding parts of the brief exempted by Fed. R. App. P. 32.

This brief complies with the typeface and spacing requirements of Fed. R. App. P 32(a)(5) and 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Office Word 2007 in 14-point Times New Roman style.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the  16<u>th</u>  day of March, 2016, I electronically filed the foregoing Petition for Panel Rehearing or Rehearing En Banc with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel on record by operation of the Court's electronic filing system, and mailed all paper copies as directed by the federal rules.

<u>/s/ *Stephen M. Smith*</u>
Stephen M. Smith

Tab 1

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 15-14613-EE

JENNIFER SMITH,

Plaintiff-Appellant,

versus

FLORIDA AGRICULTURAL AND MECHANICAL
UNIVERSITY BOARD OF TRUSTEES,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Florida

Before: TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

BY THE COURT:

Before the Court is Appellee's "Motion to Strike Appendices."

As an initial matter, in her initial brief, Appellant seeks to appeal the district court's

December 17, 2015, order denying her second motion for a new trial. However, Appellant did

not file a timely notice of appeal from the district court's December 17, 2015, order, and

therefore, we lack jurisdiction to entertain an appeal as to that order. *See Weatherly v. Alabama

State Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013); *Green v. Union Foundry Co.*, 281 F.3d 1229,

1233 (11th Cir. 2002); *see also* Fed. R. App. P. 4(a)(4)(B)(ii).

Accordingly, on the Court's own motion, we DISMISS IN PART this appeal for lack of

jurisdiction to the extent that Appellant seeks to appeal from the district court's December 17,

2015, order. We also hereby STRIKE the briefs in this matter, all of which address the district court's December 17, 2015, order over which we lack jurisdiction to review.

The parties are directed to file corrected briefs, according to the briefing schedule set forth below, omitting all arguments as to the district court's denial of Appellant's second motion for a new trial. The parties may not raise new arguments in their corrected briefs.

Appellee's motion to strike Appellant's addendum to her brief and her appendix is GRANTED.

Appellant is reminded that an addendum to a brief should contain only statutes, rules, or regulations that are required for the Court's determination of the issues. *See* Fed. R. App. P. 28(f). Appellant is instructed that her corrected appendix must not include any material that is not part of the record on appeal, which is limited to the documents filed with the district court prior to the filing of her October 15, 2015, notice of appeal.

Appellant should remember that, with respect to the filings of appendices, (1) "[t]he parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court," (2) "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix," and (3) "if any party causes unnecessary parts of the record to be included in the appendix, the court may impose the cost of those parts on that party." *See* Fed. R. App. P. 3(a)(2), (b)(1), (2). Additionally, this Court's rules set forth the items required to be contained in the appendix, and any other materials included must be relevant to the issues on appeal or helpful to this Court in deciding the appeal. *See* 11th Cir. R. 30-1.

Appellant's corrected initial brief and corrected appendix are due within 14 days of the date of this order. Appellee's response brief is due within 14 days of service of the corrected initial brief. Appellant's reply brief is due within 14 days of service of the response brief.