No. 15-14613

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

JENNIFER SMITH,
        Plaintiff-Appellant,

v.

FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY
BOARD OF TRUSTEES,
        Defendant-Appellee.

_____

On Appeal from the United States District Court
For the Northern District of Florida, Case No. 4:14-cv-540-RH/CAS

_____

**APPELLEE'S REPLY TO APPELLANT SMITH'S
CORRECTED MOTION TO RECONSIDER**

_____

Maria A. Santoro
Dennis, Jackson, Martin & Fontela, P.A.
Attorney for Defendant-Appellee,
Florida Agricultural and Mechanical University
Board of Trustees
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
Telephone:   (850) 422-3345
Facsimile:    (850) 422-1325
maria@djmf-law.com

Dated: March 30, 2016

# TABLE OF CONTENTS

Certificate of Interested Persons …………………………………….…....3

Argument ……….…………..……………………………………....4

Conclusion ……………………………………………………..6

Certificate of Compliance …………………………………….......7

Certificate of Service ……………………………………………..7

# CERTIFICATE OF INTERESTED
# PERSONS AND CORPORATE DISCLOSURE

Pursuant to Rule 26.1, Fed. R .App. P. and the Eleventh Circuit Rules, Appellee hereby certifies that Florida Agricultural and Mechanical University, Board of Trustees do not have any affiliated, parent or subsidiary companies, are not part of any publicly traded company, and no corporation holds more than ten percent (10%) of their stock.

Appellee further certifies that the following persons and entities have an interest in the outcome of this case:

1. David, Marcella, Provost, Florida Agricultural and Mechanical University, Appellee

2. Dennis, Jackson, Martin & Fontela, P.A., Attorneys for Appellee

3. Epps, Angela Felecia, Dean College of Law, Florida Agricultural and Mechanical University, Appellee

4. Florida Agricultural and Mechanical University, Board of Trustees, Appellee

5. Hinkle, Robert L., United States District Judge, Northern District of Florida

6. Horwitz, Melissa, Attorney for Appellant

7. Johnson, Richard Errol, Attorney for Appellant

8. Mangum, Dr. Elmira, President, Florida Agricultural and Mechanical University, Appellee

9. Thomas, Shira R., Associate General Counsel of Florida Agricultural and Mechanical University, Board of Trustees, Appellee

10. Santoro, Maria A., Attorney for Appellee

11. Smith, Jennifer, Appellant

12. Smith, Stephen M., Attorney for Appellant

# ARGUMENT

Appellee Florida Agricultural and Mechanical University Board of Trustees ("FAMU"), opposes Appellant Smith's Corrected Motion to Reconsider ("Motion") filed with this Court on March 22, 2016 which requests this Court to "vacate the panel's order granting FAMU's motion to strike" and to "accept jurisdiction of the Plaintiff's appeal of the December 17, 2015 district court order, [and] reinstate the parties' appellate briefs, addendum, and appendices." FAMU agrees with the decision and reasoning of this Court articulated in its Order of March 2, 2016 granting FAMU's Motion to Strike. FAMU further agrees with the reasoning and decision of this Court in dismissing that portion of Smith's appeal which addresses the December 17, 2015 order of the district court denying her second motion for a new trial.

This Court correctly determined that it lacks jurisdiction to consider Smith's second motion for new trial. Timely notice of appeal was not entered in the lower court. Smith, a law professor, cites as her primary authority a United States Supreme Court case which considered the propriety of filings by a prisoner acting *in pro se*. The Supreme Court directed the lower court to consider that the filing of an appeal brief may provide the functional equivalent of a notice of appeal filed in the district court. *Smith v. Barry*, 502 U.S. 244, 249 (1992). The Supreme Court also recognized that timely filing of a notice of appeal is jurisdictional under the

rules. *Id.* at p. 248. FAMU agrees that the authorities cited by this Court in its Order of March 2, 2016 govern the instant case, and further reasonably believes that the concessions afforded a prisoner acting *in pro se* may be distinguished from those afforded to a professor of law. This Court correctly dismissed Smith's first issue on appeal for lack of timely filing of a notice of appeal in the district court. Regardless, FAMU is confident that its fully briefed arguments are sufficient to prevail on the issue which was dismissed. In fact, the point is moot in light of the law: Facts taking place after the trial do not constitute after-discovered evidence.

In respect to this Court granting FAMU's Motion to Strike, again, FAMU agrees with the reasoning and decision in of this Court. Smith does not seriously argue this point, barely addressing the issue in a footnote at page 16 of her Motion. Smith claims that the documents to which FAMU takes exception were considered by the district court. This is misleading. The documents were filed but not considered by the *trier of fact*. Documents added to the district court file after the verdict were not considered by the jury. Hence, FAMU has sufficiently supported the proposition that the papers filed by Smith after the trial are not evidence, and were not presented to the finder of fact, in addition to its other arguments. The Court was correct in striking the appendices and addendum.

Last, FAMU notes that only a very close reading of the Motion prevents the reader from being misled. Smith provides a "Statement of the Course of the

Proceedings and Disposition of the Case," concluding in her own favor the very issues on appeal with words like "concealment," "misrepresentation," and "false representation." [Motion p. 4]. The "Statement" represents that FAMU requested an extension to file its answer brief, while omitting that FAMU actually timely filed it on January 27, 2016 (without extension) after Smith withdrew her consent to FAMU's unopposed motion for extension of time. [Motion p. 5]. Smith gives credit to FAMU at page 6 for this Court's own motion to dismiss one of her issues on appeal and striking her brief when actually FAMU's motion to strike was limited to the appendices and addendum.

## **CONCLUSION**

FAMU opposes Appellant Smith's Corrected Motion to Reconsider. This Court was correct in dismissing Smith's first issue on appeal and in striking Appellant Smith's addendum and appendix. It was therefore appropriate to strike the parties' briefs so that the facts and arguments in new briefs would be limited to those issues properly before the Court. Accordingly, this Court should deny Appellant Smith's Corrected Motion to Reconsider.

# CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 27(d) and Fed. R. App. P. 32(5), this document is proportionally spaced, has a typeface of 14 points in Times New Roman font, is 7 pages in length, and consists of 1184 words.

*/s/ Maria A. Santoro*
MARIA A. SANTORO
Attorney for the Appellee

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished via the court's CM/ECF system on this 30th day of March, 2016 to:

Stephen M. Smith, Esquire
Law Offices of Stephen M. Smith
1425 N. Broad Street, Suite 201
New Orleans, LA 70119
Email: stevesmithlaw@aol.com

Melissa Horwitz, Esquire
Law Office of Richard E. Johnson
314 W. Jefferson Street
Tallahassee, FL 32301-1608
Email: melissah@nettally.com

Richard Errol Johnson, Esquire
Law Office of Richard E. Johnson
314 W. Jefferson Street
Tallahassee, FL 32301-1608
Email: richard@nettally.com

**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

By: */s/ Maria A. Santoro*
MARIA A. SANTORO (FBN: 0654809)
Maria@djmf-law.com
1591 Summit Lake Drive, Suite 200
Tallahassee, FL 32317
(850) 422-3345 / (850) 422-1325 (fax)
Attorney for Appellee, Florida Agricultural and Mechanical University, Board of Trustees